UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ROBERT CLAY JR.,

    Plaintiff,

    v.                                          COMPLAINT
                                                     Case Number: 21-66

GREENDALE SCHOOL DISTRICT;

KIMBERLY AMIDZICH,
in her individual and official capacity;

JULIE GROTOPHORST,
in her individual and official capacity;

    Defendants.

Plaintiff, Robert Clay Jr., through his attorneys, Alan C. Olson & Associates, s.c., by Alan C. Olson and Nicholas O. Yurk, allege in this Complaint and show to the Court as follows:

### NATURE OF THE CASE

1. Defendants, Greendale School District, Kimberly Amidzich, and Julie Grotophorst, terminated Plaintiff's employment because of his religious beliefs in violation of Title VII of the Civil Rights Act of 1964 (Title VII) as amended, 42 U.S.C § 2000e. Defendants further violated 42 U.S.C. § 1983 ("Section 1983") by retaliating against Plaintiff for the exercise of his free speech rights under the First Amendment to the United States Constitution by discharging him from his employment for protected speech. Finally, Defendants Kimberly Amidzich and Julie Grotophorst intentionally interfered with Mr. Clay's contract with the Greendale School District in violation of Wisconsin law.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over Plaintiff's Title VII and First Amendment claims pursuant to 28 U.S.C. § 1331 because these claims arise under federal statute and the Constitution of the United States.

3. The Court has supplemental jurisdiction over Plaintiff's tortious interference with contract claims under Wisconsin law because this claim arises from the same set of operative facts as the claims with federal subject matter jurisdiction.

4. The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. §1391, because the Defendants reside or conduct business in the Eastern District of Wisconsin and the unlawful actions occurred in the Eastern District of Wisconsin.

## CONDITIONS PRECEDENT

5. All conditions precedent to this action within the meaning of Rule 9(c), Fed.R.Civ.Pro., have been performed or have otherwise occurred.

## JURY DEMAND

6. Plaintiff demands that his case be tried to a jury of his peers.

## PARTIES

7. Plaintiff, ("Mr. Clay"), is an adult who resides at 6225 Milwaukee Avenue, Wauwatosa, WI 53213.

8. Defendant, Greendale School District ("the District"), is a "school district" as that term is used in Chapters 115 through 121 of the Wisconsin Statutes. The District has its central offices and principle place of business at 6815 Southway, Greendale, WI 53129.

9. At all times relevant to this action, the District acted in its official capacity and was responsible for the actions of the District's employees, was responsible for developing and implementing official policy, and was responsible for supervising the District's staff.

10. Defendant, Kimberly Amidzich ("Ms. Amidzich") was at all times relevant hereto the Superintendent of the Greendale School District who resides at 7931 West Edgerton Avenue, Greendale, WI 53129.

11. Defendant, Julie Grotophorst ("Ms. Grotophorst") was at all times relevant hereto the Human Resources Director for the Greendale School District who resides at S90 W13044 Boxhorn Drive, Muskego, WI 53150.

12. Ms. Amidzich and Ms. Grotophorst are each sued in their individual and official capacity.

13. At all times relevant to this action, the District, Ms. Amidzich, and Ms. Grotophorst (collectively, "the Defendants") acted under color of state law.

**O P E R A T I V E   F A C T S**

14. Mr. Clay began his employment with the District on or about January 8, 2018 as a long-term substitute French teacher at Greendale Middle School.

15. Mr. Clay taught additional French classes during the summer session of 2018.

16. Mr. Clay performed his job to the reasonable expectations of the District and did not receive any negative performance evaluations.

17. The District hired Mr. Clay as a full-time French teacher for the 2019-20 school year to teach at Greendale Middle School.

18. Mr. Clay entered into a contract with the District for the 2019-2020 school year. Mr. Clay's employment with the District was subject to the terms of the contract.

19. Mr. Clay is a devote Protestant Christian, and his personal religious convictions are opposed to the legal recognition of same-sex marriage.

20. The District was aware of Mr. Clay's religious beliefs, as he had expressed them to the principal of the school, John Weiss, soon after being hired.

21. The incident that led to Mr. Clay's unlawful termination began on or about December 3, 2019.

22. On that day, one of Mr. Clay's students joked that she was getting married to another female student, referring to the other female student as "her husband." Mr. Clay joked that he did not know the other student was a boy.

23. Some students stated in class that Mr. Clay's comment was discriminatory.

24. No complaints were filed with regard to this conversation, and the District was explicit that the conversation was not the reason for Mr. Clay's subsequent termination.

25. However, Mr. Clay was concerned that his comments could be seen inaccurately as disrespectful to his LGBT students. Regardless of his personal beliefs, Mr. Clay believed strongly in supporting all of his students and making them feel welcome in his class.

26. On or about the evening of December 3, 2019, Mr. Clay sent his students an email stating that, in light of the conversation in the classroom that day, he wanted to affirm that he supported all of his students.

27. Mr. Clay clarified for his students that he personally opposed same-sex marriage.

28. Mr. Clay cited the votes on California Proposition 22 (2000) and California Proposition 8 (2008) to show his students that same-sex marriage was a contentious political issue, regardless of the Supreme Court's decision in *Obergefell v. Hodges*, 576 U.S. 644 (2015).

29. Mr. Clay ended the email by stating that he believed "it is best that in society that we respect one another's differences."

30. Mr. Clay's email was clear that, regardless of his personal beliefs on the political and religious issue of same-sex marriage that is a matter of public concern, he supported his LGBT students and respected their differences.

31. Without discussing the issue with Mr. Clay, a parent filed a complaint with the District about the email.

32. On or about December 6, 2019, Ms. Grotophorst informed Mr. Clay that he was being placed on an unpaid suspension. Ms. Grotophorst asked Mr. Clay to resign in lieu of recommending his termination to the Greendale Board of Education.

33. On or about December 10, 2019, Ms. Amidzich sent Mr. Clay a letter stating his email to his students was in violation of two District policies, the Controversial Issues policy and the Discrimination and Harassment policy, and he was being placed on administrative leave.

34. Because of those purported policy violations, the District made a formal recommendation to the Greendale Board of Education that Mr. Clay be terminated on or about December 10, 2019.

35. The policies that the Defendants claim Mr. Clay violated were plainly not violated by Mr. Clay's email to his students.

36. Mr. Clay's email to his students did not violate the District's Controversial Issues Policy, which explicitly allows teachers to state their individual beliefs on topics so long as they are clear they are expressing their individual opinion and treat other "values and attitudes" with respect and sensitivity.

37. Mr. Clay was explicit in his email that his views on same-sex marriage were his own individual opinion and that he firmly believed in treating all students with respect.

38. Mr. Clay's email did not violate the District's Discrimination and Harassment policy. The policy explicitly allows for a teacher to express their beliefs on controversial issues so long as those expressions are labeled as personal opinion and do not demean or marginalize students.

39. In his email, Mr. Clay repeatedly affirmed that he supported his students regardless of their beliefs, and confirmed that his position on same-sex marriage was his own personal opinion.

40. Mr. Clay complied with the letter and spirit of both the Controversial Issues policy and the Discrimination and Harassment policy.

41. Mr. Clay did not violate any provisions of his employment contract with the District.

42. Before Mr. Clay was permitted to rebut the recommendation to terminate his employment, and before the Board of Education addressed the District's recommendation and Mr. Clay's rebuttal, Ms. Grotophorst posted Mr. Clay's position as available on relevant job boards.

43. On or about January 20, 2020, the Board of Education approved the District's recommendation, terminating Mr. Clay's employment with the District.

44. The District continues to employ many teachers who have openly expressed support for same-sex marriage to their students, without predicating that their position is their personal belief, and without those beliefs being relevant to the curriculum.

45. The District allows teachers to display pride flags in their classrooms in support of same-sex marriage recognition.

46. The Defendants took materially adverse action against Mr. Clay by terminating his employment contract.

47. Mr. Clay has exhausted all administrative remedies for his termination.

48. The Defendants have caused Mr. Clay to suffer losses of pay and benefits, damage to his reputation, denial of his rights to free speech and practice of his religion.

# FIRST CLAIM FOR RELIEF
## TITLE VII OF THE CIVIL RIGHTS ACT 42 U.S.C § 2000E
### RELIGIOUS DISCRIMINATION

49. As and for a first claim for relief, Mr. Clay re-asserts the allegations recited in the paragraphs above and fully incorporates those paragraphs herein by reference.

50. The Defendants willfully violated 42 U.S.C § 2000E by taking the materially adverse actions of terminating Mr. Clay's employment because of his religious beliefs.

51. The allegations more particularly described above caused Mr. Clay wage loss, benefits loss, and expenses, all to his damage.

# SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983
### FIRST AMENDMENT RETALIATION

52. As and for a second claim for relief, Mr. Clay re-asserts the allegations above and fully incorporates those paragraphs herein by reference.

53. The Defendants' actions in terminating Mr. Clay's employment for engaging in constitutionally protected speech willfully violated the First Amendment.

54. Mr. Clay made it clear he was speaking as an individual citizen when he expressed his views regarding same-sex marriage, not in his official capacity as a teacher.

55. The legality of same-sex marriage is undoubtedly a political issue and a matter of public concern.

56. Mr. Clay suffered an adverse employment action because of his protected speech; in this case, the District formally recommended his termination.

57. The Defendants explicitly stated Mr. Clay's termination was because of his protected speech and was the sole reason offered by the Defendants for his termination.

58. The Defendants have no content-neutral rationale for the termination, as many teachers employed by the District had expressed pro-same-sex marriage beliefs openly and in class without suffering adverse employment actions.

59. The allegations more particularly described above caused Mr. Clay wage loss, benefits loss, and expenses, all to his damage.

60. The Court has the authority to award attorneys' fees and expenses under 28 U.S.C. § 2412.

## THIRD CLAIM FOR RELIEF
## TORTIOUS INTERFERENCE WITH CONTRACT RELATIONSHIP

61. As and for a third claim for relief, Mr. Clay re-asserts the allegations above and fully incorporates those paragraphs herein by reference against, Defendants, Ms. Amidzich and Ms. Grotophorst.

62. A contract existed between Mr. Clay and the District.

63. In recommending Mr. Clay's termination based on the false claim that he violated district policies, Ms. Amidzich and Ms. Grotophorst intentionally and improperly interfered with Mr. Clay's contract with the District.

64. Ms. Amidzich and Ms. Grotophorst's unlawful interference with the contractual relationship between Mr. Clay and the District induced or otherwise caused the District to terminate Mr. Clay's employment contract with the District.

65. Ms. Amidzich and Ms. Grotophorst were not protected by privilege as the recommendation they provided to the District was not truthful; Mr. Clay did not violate district policy.

66. Ms. Amidzich and Ms. Grotophorst had no legitimate justification for their unlawful interference with Mr. Clay's contract with the District.

67. Ms. Amidzich and Ms. Grotophorst caused Mr. Clay to suffer monetary losses, humiliation, mental anguish, emotional distress, monetary losses, harm to his personal relationships with his family, stress and injury to his physical and mental well-being, all to his damage

WHEREFORE Plaintiff demands relief as follows:

A. Judgment against the above-named Defendants awarding Plaintiff damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the Title VII and/or First Amendment violations;

B. judgment against Defendants Kimberly Amidzich and Julie Grotophorst awarding Plaintiff his actual and consequential damages by reason of their tortious interference with Plaintiff's contractual relationship with Defendant Greendale School District;

C. judgment against the above-named Defendants awarding Plaintiff compensatory damages for losses of wages, benefits, expenses, insurance, emotional pain, suffering, humiliation, embarrassment, mental anguish, and medical expenses;

D. judgment against the above-named Defendants awarding Plaintiff punitive damages in an amount deemed sufficient by the trier of fact to punish and deter the Defendants from engaging in such unlawful conduct now and in the future;

E. judgment against the above-named Defendants awarding Plaintiff reinstatement and/or damages for monetary losses and expenses;

F. judgment against the above-named Defendants awarding Plaintiff costs, disbursements, prejudgment interest, actual attorney fees and expert witness fees incurred in prosecuting this claim, together with interest on said fees;

G. judgment against the above-named Defendants awarding Plaintiff an additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617; and

H. such other relief as the Court deems just and equitable.

Dated this 14th day of January, 2020.

s/ Alan C. Olson
Alan C. Olson, SBN: 1008953
Kelsey R. S. Kerr, SBN: 1113700
Nicholas O. Yurk, SBN: 1095278
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com